# Richmond

## M. F. and G. Trading Co. v. Clifford V. Jensen, Et Al.

March 16, 1959.

Record No. 4898.

Present, All the Justices.

The opinion states the case.

*Norris E. Halpern,* for the plaintiff in error.

*Macie V. Marlowe,* for the defendants in error.

Case submitted on briefs.

Snead, J., delivered the opinion of the court.

Clifford V. Jensen and Mary A. Jensen, his wife, instituted action against "Leslie Realty Agency, Inc. and M. F. and G. Trading Co.,

a limited partnership, Poplar Corporation, General Partner," in the Civil Justice Court of the City of Norfolk to recover $600 with interest from December 22, 1956, which sum they had paid on a contract to purchase a dwelling to be constructed. Judgment was entered against defendants for that amount. On appeal to the Court of Law and Chancery, the case was heard by the court without a jury. The court struck the evidence as to defendant, Leslie Realty Agency, Inc. and entered judgment for it. Judgment was rendered against "Poplar Corporation, General Partner for M. F. and G. Trading Co., a limited partnership" for $600 with interest from February 22, 1957 and costs.

Defendant's assignment of error follows:

"The Court erred in entering final judgment against the Defendant in the principal amount of Six Hundred Dollars ($600.00) on the grounds that the Plaintiffs were not entitled to recover the monies paid on account of the purchase price as a matter of law, in that they had breached their contract with said Defendant without fault on the part of said Defendant by falling short in compliance with the terms of their contract, and thereby breaching the same."

The parties will be referred to at times as plaintiffs and defendant in accordance with the positions they occupied in the court below.

Mary A. Jensen, the mother of two children, is a veteran of the armed forces of the United States and as such was entitled to the benefits of financing the purchase of a home under Title III, Servicemen's Readjustment Act of 1944, as amended. Her husband, Clifford V. Jensen, was an active member of the armed forces at the time.

On June 20, 1956 plaintiffs entered into a written contract with M. F. and G. Trading Company to purchase a house which was to be constructed by the company on Lot 30, Block C, Plat of Poplar Halls, Section 1, in Princess Anne County for the sum of $15,950 "in substantial accordance with plans and specifications submitted with the G. I. Panel." The contract was prepared by defendant. A down payment of $500 together with an additional sum of $100 to be applied toward closing costs, insurance etc. was made when the contract was executed. The balance of $15,450 was to be financed through a "G. I. loan to be obtained". The contract contains a provision that it is "subject to vendee's eligibility and lender's approval" of the loan, and that in event vendee is unable to obtain the loan vendee would be refunded the cash deposits made. It further provides:

"All taxes, insurance, rents, and interest are to be prorated as of settlement and settlement to be made on or about December 22, 1956, or as soon thereafter as title can be examined and papers prepared, allowing a reasonable time to correct any defects reported by the title examiner. In any event, the completed dwelling will be tendered for delivery within eight months of the date of this contract."

A statement of Joanne Ady, Manager of Community Mortgage and Realty Corporation, who processed loans for defendant, was read in evidence on behalf of defendant. It was stipulated that it contained what her testimony would be if she were present. She said there was an unavoidable delay in filing the application for a guaranteed loan with the Veterans Administration because the necessary Master Certificate of Reasonable Value had not been issued by the Administration. The record fails to disclose why this certificate was not issued until approximately four months after the date of the contract of sale. After it was received by defendant, the Application for Home Loan Guaranty or Insurance, VA Form VB4-1802, was forwarded by Mrs. Ady to Mrs. Jensen for her signature as she was the veteran applying for the benefits under the Act. It is dated October 22, 1956 and was signed by Mary A. Jensen. According to Mrs. Jensen it was "filled out" when she signed it. In answer to a question concerning the purpose of the loan there is typed therein: "To Purchase Residence for Veteran's Use" and immediately after this statement there was written in ink by Mrs. Jensen "or rental if transferred". In another place there is printed on the form: "I now occupy or intend to occupy, as my home, the property described herein." Following this statement Mrs. Jensen wrote "or rent or sell if transferred". The application was returned to defendant about October 27, 1956.

Thereafter Mrs. Ady sent other papers to Mrs. Jensen for her signature in order to complete the processing of the application for a G. I. loan. She stated she made several efforts to secure a return of them in signed form without success. She then turned the matter over to counsel for defendant for his attention. She also stated that plaintiffs refused and failed to execute the papers in a form which would qualify for G. I. financing, and that in a certificate styled "Exhibit A", dated January 28, 1957, which was the last form signed and mailed by Mrs. Jensen to counsel for defendant, Mrs. Jensen deleted "I actually intend to occupy as my home the property to be purchased with the proceeds of the loan applied for and to move

into the property personally within a reasonable time after completion of the loan" and substituted therefor "Do not intend to occupy home personally."

Mrs. Jensen testified that the delay in returning some of the papers was occasioned by the fact she received them in blank and that she had "always been told not to sign things in blank". After receiving letters dated December 5th and 27th, 1956 from counsel for defendant requesting a return of the papers and indicating court action if they were not returned completed and signed, she contacted her attorney, Macie V. Marlowe, who wrote counsel for defendant on January 2, 1957:

"Mrs. Mary A. Jensen has referred to me the enclosed papers and sought my advice in regards to filling the same out. I have advised Mrs. Jensen to sign the papers but to answer all inquiries therein with the utmost veracity which she has done. Accordingly we forwarded the same to you, all of which have been signed except Exhibit A, which Mrs. Jensen does not wish to sign while blank."

Exhibit A, the last form needed to process her application for a loan, was executed and returned to counsel for defendant on or about January 28, 1957.

In order to qualify for a G. I. loan, the purchaser must intend to occupy the house personally. Defendant contends that Mrs. Jensen made it impossible to secure the loan when she stated in "Exhibit A" that she did not intend to occupy the house personally.

Mrs. Jensen testified she was not cognizant of the fact it was necessary for her to intend to occupy the dwelling personally in order to be eligible for a G. I. loan, and that when she added "or rental if transferred" to the application for the loan she thought her husband would be assigned to another base shortly. When asked why she inserted in "Exhibit A", the final paper to be executed by her, "Do not intend to occupy home personally", she replied: "Because at that time it seemed that we would be transferred out of town so quickly that we would not have a chance to occupy the home personally." She denied that when she signed "Exhibit A" it was her intention not to consummate the sale. On the contrary she said it was their intention to close the transaction if the house had been completed and delivered to them by February 20, 1957 as provided for in the contract of sale. She inspected the house after that date and there were piles of dirt in the back yard; the lot had not been landscaped; tile in the bathroom was chipped and broken; the roof had not been

completed; hardware and gutters had not been installed; concrete steps leading from the patio to the porch had not been constructed, and heating vents had not been installed.

Jensen substantially corroborated Mrs. Jensen's testimony in regard to the house not being completed. He also stated the floors had not been sanded, varnished or waxed. He was asked on cross-examination: "Have you discussed whether or not you were going to take the house under any circumstances in December when she went to Mr. Marlowe?" and he responded: "we were planning on—we have always planned to taking (*sic*) the house if it was going to be completed on time, although she stated that we were contemplating a transfer which, at that time, the Joint Chiefs of Staff up there were putting all flag wing squadrons, R-6's in the mass, and we were assigned to the mass organization and then (*sic*) were contemplating transferring us to Charleston."

Lawrence J. Goldrich, manager of M. F. and G. Trading Company, conceded that the dwelling was not completed on February 20, 1957. He was asked on direct examination: "Tell us why this house was not completed." His reply was: "The house was not completed because when a purchaser does not comply with the terms of their contract and after we realize they are not going through with the contract as it was written, we concentrate on the completion of those houses that we have people moving in." He stated that the house was sold to another party in April 1957 and it passed inspection of the Veterans Administration. The record infers that it was sold for a higher price than plaintiffs agreed to pay.

Emory Hall Austin, president of Leslie Realty Agency, Inc. agent for M. F. and G. Trading Company and a defendant in the lower court also testified the dwelling had not been completed on February 20, 1957.

In 17 C. J. S., Contracts, § 360, p. 818, it is stated:

"Where a construction contract is to be performed 'by' a particular time, it must be performed before such time. Where the contract provides that performance shall be in not less than a certain time, the builder has all of such time in which to complete the work."

Regardless of whether or not defendant breached the contract of sale by not having completed the house by the prescribed time, the contract was made subject to Mrs. Jensen's eligibility for and the lender's approval of the loan. It provided that if the loan could not be obtained, plaintiffs would be refunded cash deposits made. Plaintiffs

entered into the contract in good faith and they testified it was their intention to consummate the sale provided the house was completed by February 20, 1957. When the application for the loan was signed on October 22, 1956, approximately four months after the contract to purchase the property was executed, there were constant rumors that Jensen would be transferred to another base. Mrs. Jensen felt duty bound, and properly so, to amend the typed answer in the application responsive to an inquiry concerning the purpose of the loan which read "To Purchase Residence for Veteran's Use" by adding thereto "or rental if transferred."

On January 28, 1957 when the final paper "Exhibit A" was signed it was apparent to Mrs. Jensen that her husband would be transferred before they could occupy the premises. In view of these circumstances, she likewise deleted a printed answer in the form which stated that she actually intended to occupy and move into the property personally within a reasonable time after completion of the loan, and in lieu thereof inserted "Do not intend to occupy home personally." Mrs. Jensen testified she did not know that such a statement would make her ineligible for the loan. Assuming she did know, it certainly was not contemplated that she should suppress the truth as she saw it.

Here decidedly the greater part of the evidence was heard *ore tenus,* but pertinent evidence of one witness was submitted by stipulation and thus the court did not have the benefit of hearing her testimony *ore tenus.* Clearly under those circumstances the judgment is presumed to be correct and should not be disturbed for lack of proof if the essential factual conclusions determined are supported by a fair preponderance of the evidence. *Klingstein* v. *Eagle,* 193 Va. 350, 353, 68 S. E. 2d 547; *Ashby* v. *Dumouchelle,* 185 Va. 724. 40 S. E. 2d 493. We think there is sufficient evidence to support the judgment and we find that no prejudicial error was committed by the court below.

The judgment appealed from is

*Affirmed.*